**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANDREW TANGEN,              )
                                )
            Plaintiff,      )
                                )
      vs.                 )
                                )
EXPERIAN INFORMATION    )
SOLUTIONS, INC.,          )
                                )
           Defendant.    )

## COMPLAINT

## INTRODUCTION

1.      This is an action for damages brought by an individual consumer, Andrew Tangen, against Experian Information Solutions, Inc. ("Experian"), for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (FCRA).

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and 15 U.S.C. §1681p (FCRA).

3.      Venue in this District is proper because defendant is subject to jurisdiction here and a material part of the events at issue occurred here.

## PARTIES

4.      Plaintiff Andrew Tangen is a resident of the Northern District of Illinois. He is also a licensed attorney in the state of Illinois.

5.      Defendant Experian is a credit reporting agency that does business in Illinois and maintains reports on millions of Illinois residents. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

## FACTS

6.      Defendant has been commingling the credit files and information of the plaintiff with

those of one or more other individuals. Plaintiff alleges on information and belief that his father's report has been commingled with his.

7.     Plaintiff has identified over ten accounts and debts on his Experian credit report that are not his, including accounts with Bank of America, Capital One, CBNA (two accounts), Hinsdale Bank & Trust (multiple items), Midland Funding, PNC Bank, PNC Mortgage, Portfolio Recovery Associates (two accounts), and Synchrony Bank (two accounts).

8.     None of these accounts show up on his TransUnion or Equifax reports.

9.     Plaintiff's Experian credit report also shows that he defaulted on a mortgage with PNC Bank in 2012 for $144,000. Plaintiff has never had a mortgage with PNC Bank.

10.     Plaintiff contacted a number of the creditors and was informed that there was no indication of an account for somebody with plaintiff's birth date and social security number.

11.     Plaintiff identified several of the accounts as belonging to his father.

12.     As a result plaintiff appears to have more extensive credit obligations than plaintiff in fact has.

13.     Plaintiff has been damaged by having his credit score diminished, being denied credit, being required to pay higher rates for credit, spending time and money trying to correct his credit report, and suffering aggravation and distress.

14.     Plaintiff learned of this problem when he had a credit application denied, and initially feared he was an identity theft victim, which caused plaintiff emotional distress. He has since has been forced to take time away from his law practice and expend considerable time contacting the many creditors in an attempt to determine how to proceed. All of the creditors who were willing to speak to him advised him that his personal information did not match the account information.

15.     Plaintiff was recently denied a mortgage loan even though his payment  record on the debts which are his is excellent.

16.     Plaintiff also relies on credit for his law practice, and has not been able to obtain it due to Experian's errors.

17.     Defendant has published inaccurate information to third parties and credit grantors

during the last two years.

18.    Defendant uses algorithms to match credit information and persons. The algorithms do not require 100% matching of name, address, and Social Security number. The matching algorithms are sufficiently loose that a search for information pertaining to plaintiff retrieves information pertaining to other person(s).

19.    The problem experienced by plaintiff is not uncommon. Many members of the same family frequently have very similar names, e.g., Sr. and Jr., and have often shared the same address.

20.    Defendant is aware of and should be able to deal with such situations. Instead, it recklessly, willfully and negligently employed algorithms that retrieved extraneous information.

## <u>COUNT I – FCRA</u>

21.    Plaintiff incorporates paragraphs 1-20.

22.    Defendant failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit reports, information and files in violation of 15 U.S.C. §1681e(b).

23.    Defendant violated 15 U.S.C. §1681n and/or §1681o.

24.    Section 1681n provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

25.    Section 1681o provides:

**§1681o. Civil liability for negligent noncompliance**

**(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

> **(1) any actual damages sustained by the consumer as a result of the failure;**
>
> **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

a.      Appropriate actual, punitive and statutory damages;

b.      Attorney's fees, litigation expenses and costs of suit;

c.      Such other or further relief as the Court deems proper.


s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

4

## **JURY DEMAND**

Plaintiff requests trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

6

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ Daniel A. Edelman
Daniel A. Edelman

T:\33883\Pleading\Complaint_Pleading.wpd+++

7